# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **PATSY EDMONDS SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00064 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF GALAX,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Patsy Edmonds Smith, Pro Se Plaintiff; W. Bradford Stallard, Penn, Stuart, & Eskridge, Abingdon, Virginia, for Defendant.*

In this pro se employment discrimination case, the plaintiff alleges that she was terminated based on her gender and age. The defendant employer has moved to dismiss on the ground that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. For the following reasons, the motion will be granted in part and denied in part.

I

The plaintiff, Patsy Edmonds Smith, contends in her pro se action that she was terminated after almost 19 years of employment as a dispatcher for the Galax, Virginia, Police Department because she is a 58-year-old divorced woman. I construe her claims to arise under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C.A. § 623(a) (West 2008), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000(e) to 2000e-17 (West 2003).[1]

The defendants initially responded to the Complaint by filing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which I granted. However, I allowed Smith the opportunity to file an Amended Complaint against the City of Galax setting forth the factual basis for her claims. Smith timely filed an Amended Complaint and additional factual details, which the defendant has again moved to dismiss. The motion is now ripe for decision.

The plaintiff's allegations, taken as true for the purposes of this motion, are as follows.

On September 11, 1989, Smith was hired as a call dispatcher for the Galax Police Department. Through 1999, Smith remained in this capacity and received consistently positive feedback on her yearly evaluations. However, Smith asserts that around 1999 and 2000, her workplace environment changed dramatically. During that time, Smith suffered several personal setbacks, including a painful divorce from her husband of 32 years. After the divorce, Smith alleges that "it became obvious" that the then-chief of the police department "did not approve" of

---

[1] Smith first filed a charge with the Equal Employment Opportunity Commission and was issued a Right-to-Sue Notice. She thereafter filed the current suit in this court.

Smith's marital decision and that she began to be treated differently from other employees. (Am. Compl. 1.) This disapproval continued under the leadership of the new chief, Rick Clark. In 2000 and 2001, Smith received reprimands for several minor infractions, based in behavior that was commonplace and routinely overlooked in the department.[2]

In August 2002, Smith's ex-husband contacted a deputy sheriff and requested that Smith not enter their former home to access belongings without him present. No formal filings were made in association with the request, although Chief Clark was notified of it. He suspended Smith from work for 15 days and required her to seek psychological counseling.

In late March 2008, Smith requested vacation time to care for an ailing sister. She alleges that this request was granted, but that when she returned to work on April 7, she received notification that she was being investigated regarding the leave, as well as for an unrelated incident regarding Smith's performance during a dispatch call. The next day, Chief Clark issued Smith a termination letter. When Smith asked for an explanation, Smith alleges Chief Clark obliquely referenced the 2002 incident involving her ex-husband.

---

[2] These incidents involved issues such as smoking outside the office building, being unavailable to pick up extra shifts, and failing to follow appropriate procedure when requesting vacation and sick leave.

On April 14, 2008, Smith met with Keith Holland, the City Manager for the City at the time. Holland told Smith that his decision was based on Chief Clark and Captain Cox's representations of the events, and that he thought that Smith's ex-husband had taken out a restraining order against her. Holland additionally mentioned other various infractions supposedly committed by Smith, including inaccurately transmitting information over the dispatch system, improperly following procedure for taking sick and leave time, and allegations that she was under the influence of drugs or alcohol at work.

After her termination, Smith alleges she was contacted by the wife of a former officer with the Galax police, Sergeant Jim Litz, who was another of the oldest active employees in the police department. Litz informed Smith that Chief Clark questioned him regarding his retirement plans, and that not long after Litz informed the chief that he had no such plans, Litz was targeted in a conduct investigation. Litz informed Smith that he retired because Chief Clark told him that if he did not do so, he would be terminated.

Finally, Smith alleges that after her termination, she was replaced by a younger female dispatcher from outside the department, who had worked in the past on an interim part-time basis and had been commended by Chief Clark on her work. Smith asserts that her termination was motivated by Chief Clark's desire to hire this younger woman.

II

A plaintiff may establish a claim of discrimination by demonstrating through either direct or circumstantial evidence that sex or age discrimination was an impermissible motivating factor in the employer's adverse employment decision. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). In the present case, Smith offers no direct evidence of discrimination, but rather relies on a disparate treatment theory. Thus, both Smith's age and sex discrimination claims are analyzed using the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973); *Hill*, 354 F.3d at 285. The *McDonnell Douglas* framework requires the plaintiff to establish a prima facie case of discrimination, by a preponderance of the evidence. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

A prima facie case of age discrimination under the ADEA and sex discrimination under Title VII consists of four elements: (1) the plainitff is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. *Hill*, 354 F.3d at 285.

Under federal notice pleading requirements, a complaint need only provide "a short plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a). Pro se pleadings must be liberally construed. *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Although the plaintiff need not plead the facts required to prove a prima facie case for age or sex discrimination, in order to survive a motion to dismiss she still must "state a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Applying this standard to the plaintiff's Amended Complaint, the defendant's Motion to Dismiss must be granted as to the sex discrimination claim, but I will deny the motion as to the claim for age discrimination.

Smith claims that she was discriminated against for her status as a female who divorced her long-time husband. The factual basis for this claim concerns events of many years ago — six years from her termination in the case of her ex-husband's notification to Grayson County authorities regarding Smith's presence in their former home, and eight years in the case of the divorce itself. These facts are scant at best and not proximately related to her late termination. Furthermore, Smith claims that a female part-time dispatcher was moved onto a full-time basis to replace her. Because Smith's replacement was female as well, this belies Smith's claims of gender animus on the part of her employer. With only these allegations to support her claim, I find that Smith has not met *Iqbal's* pleading

requirements for her sex discrimination claim and accordingly grant the defendant's motion to dismiss.

By contrast, however, Smith has stated a claim for age discrimination. Her pleading contains allegations that she was terminated, despite performing up to her employer's satisfaction, because she was older and approaching the full benefits associated with retirement. Her claims that the other oldest employ was terminated for similar reasons, as well as her detailed allegations that the cause for her dismissal was pretextual, meet *Iqbal* standards. Thus, I will deny the Motion to Dismiss as to the plaintiff's age discrimination claim.

### III

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss (ECF No. 18) is GRANTED in part and DENIED in part;

2. The Motion is GRANTED as to the plaintiff's claim for sex discrimination under Title VII; and

3. The Motion is DENIED as to the plaintiff's claim for age discrimination under the ADEA.

ENTER: April 14, 2011

/s/ James P. Jones
United States District Judge