# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **PATSY EDMONDS SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00064 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CITY OF GALAX,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Patsy Edmonds Smith, Pro Se Plaintiff; W. Bradford Stallard, Penn, Stuart, & Eskridge, Abingdon, Virginia, for Defendant.*

In this pro se employment discrimination case, the plaintiff contends that she was terminated due to her age. Because I find that the plaintiff has failed to create a genuine issue of material fact as to her employer's alleged intentional discrimination, I grant summary judgment in favor of the defendant.

## I

The plaintiff, Patsy Edmonds Smith, a 58-year-old female, filed the present pro se suit against her employer of nearly 19 years, the City of Galax, Virginia ("the City"), alleging that she had been terminated from her position as an emergency dispatcher with the Galax Police Department on account of her age and

sex in violation of the ADEA[1] and Title VII.[2]  Following time for discovery, the

City filed the present Motion for Summary Judgment, in which it contends that it is

entitled to judgment as a matter of law.[3]  After briefing and argument, the motion

is ripe for decision.

The following facts are either undisputed, or where disputed, stated in the

light most favorable to the plaintiff.

Smith was hired as an emergency dispatcher for the Galax Police

Department in 1989.  For the next ten years, Smith remained in this capacity

without incident and received positive feedback on her yearly evaluations.

However in 2000 and 2001, Smith received reprimands for several minor

infractions, and in 2002, Smith was suspended with pay and ordered to seek

psychological counseling following a non-work-related incident with her ex-

husband.

In February 2008, Smith received written notification from the Chief of

Police informing her that, based on her use of leave time during the prior six

---

[1] Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 623(a) (West 2008).

[2] Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§2000e to 2000e-17 (West 2003).

[3] I granted the City's first Motion to Dismiss, but allowed Smith the opportunity to file an amended complaint.  Following the City's second Motion to Dismiss, I dismissed Smith's sex discrimination claim, but allowed her age discrimination claim to move forward.  *Smith v. City of Galax*, No. 1:10CV00064, 2011 WL 1428265, at *3 (W.D. Va. Apr. 14, 2011).

months, she was believed to constitute "the definition of an employee who is habitually absent" under the City's employee handbook. (Def.'s Mot. Summ. J., Ex. 3, p. 20.) Smith was informed that she would be required to provide a doctor's excuse each time she requested sick leave.

A month later, Smith requested time off to care for her ailing sister. She alleges that her request for vacation time was granted by Captain James Cox, but that when she returned to work on April 7, she was informed that she was being investigated for taking unauthorized sick time without a doctor's note. Smith was additionally informed that her job performance on March 28, 2008, was also under investigation. The next day, Smith was terminated.

Following her termination, Smith alleges that she was replaced by a younger part-time female dispatcher. Additionally, Smith contends that she learned of another older employee who had been targeted for termination in order to force him into retirement.

Smith contends that she was performing up to her employer's expectations, but that age discrimination and a desire to promote the younger replacement were the real grounds underlying her termination. Smith challenges her employer's contention that she was absent in March 2008 without a doctor's note. She claims that she sought and received pre-vacation approval from Captain Cox and that she produced an additional doctor's note to support her time off after she was

questioned. Smith points to her pay stub, which shows that she used seven hours of vacation leave and no sick leave during the period in question. According to the pay stub, Smith had accumulated sick leave still available.

Smith additionally contests the City's claim that she was terminated because of her job performance on March 28. Although Smith admits she committed several errors that day, she claims the department was unusually busy and that her mistakes were not of a terminable nature. In support, Smith provided the unsworn written statements of two coworkers, one a police sergeant, claiming that Smith was a good employee and that her performance on the day in question was satisfactory.

The City maintains that Smith was terminated due to her attendance record and unsatisfactory job performance, and not because of any discriminatory animus. The City points to evidence in Smith's employment record showing that Smith was reprimanded on multiple occasions for improperly following department procedure in taking leave. The City notes that in February, Smith was specifically warned about her habitual absenteeism, but that less than a month later, she took additional time off.

The City also claims that Smith's job performance was unacceptable. It provided the internal documentation associated with the investigation of Smith's performance on March 28, including notes from interviews with fellow employees

and a review of dispatch transcripts fielded by Smith that day. The transcripts reveal that Smith reported the incorrect address of an accident and the wrong name of a business, failed to take down several license plate numbers that an officer requested be checked, and contacted the wrong municipal department to resolve a road obstruction. Defendants also included affidavits from Captain Richard Cox and Galax's former City Manager, Keith Holland, detailing the procedures they followed in investigating Smith's conduct.

Finally, the City asserts that no discriminatory animus was behind Smith's termination. The City has offered proof that of the 17 Police Department dispatchers, six are aged 50 and older, with the eldest dispatcher being 80 years old. Given that the City continues to employ multiple dispatchers who are within the ADEA's protected class, the City asserts that Smith cannot meet her burden of demonstrating discrimination.

## II

Summary judgment is appropriate where there is no genuine issue of material fact such that one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court must assess the evidence and all reasonable

inferences to be drawn therefrom in the light most favorable to the non-moving party. *Nguyen v. CNA Corp.*, 44 F.3d 234, 236 (4th Cir. 1995).

Rule 56 mandates the entry of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* 477 U.S. at 322. Summary judgment is not "a disfavored procedural shortcut," but is an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Id.* at 327.

Smith claims that the City terminated her because she was an older woman and not because of any deficiencies in her job performance.[4] For the following reasons, I find that Smith has failed to create a genuine issue of material fact to support her claim.

Because Smith offers no direct evidence of discrimination, her age discrimination claim is analyzed under *McDonnell Douglas's* familiar burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This framework requires the plaintiff to establish a prima facie case of discrimination by a preponderance of the evidence. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).

---

[4] Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against [her] . . . because of [her] age." 29 U.S.C.A. § 623(a)(1).

A prima facie case of age discrimination under the ADEA consists of four elements to be shown by the plaintiff: "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004).

If a prima facie case is presented, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* Assuming the employer meets its burden of production, the burden shifts back to the plaintiff to prove that the employer's stated reasons "'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). At this point, the burden to demonstrate pretext "merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256.

As the Supreme Court has counseled, "[w]hether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports

the employer's case and that properly may be considered on a motion for judgment as a matter of law." *Reeves*, 530 U.S. at 148-49.

The question before me is whether Smith has presented evidence to raise a genuine issue of material fact that she was the victim of intentional discrimination rather than performance-based termination. Because Smith has failed to meet this burden, I must grant summary judgment in favor of the City.

Smith has admitted that she often missed work and that she made some performance mistakes on March 28. Although she has provided justifications for these facts, ultimately her argument rests on the contention that her deficiencies were insufficient to justify her termination. It is not for my determination to decide whether the employer's proffered reason for termination was "wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (internal quotation marks and citation omitted). Rather, the only relevant question for judicial review is whether the employer's proffered reason was an impermissible pretext for age discrimination.

Smith has not created a sufficient question of fact regarding pretext to defeat the City's permissible motive. The record supports the City's assertion that, despite Smith's long work history, in recent years she had committed errors in her dispatch work. Smith was also aware that her absenteeism was a source of

dissatisfaction to her employer. The timing of Smith's termination was directly correlated to these performance issues. Although Smith has produced statements by fellow employees affirming that she was a good employee, it is the opinion of the employer's decision-makers, and not that of her coworkers, that is relevant. *See id*.

Here, even taking the evidence in the light most favorable to the plaintiff, the City followed established internal procedures for investigating Smith's conduct and terminating her employment. The City's apparent error in recording Smith's leave time does not rise to the level of creating a genuine issue of fact regarding pretext.

Finally, although Smith was replaced by a younger part-time employee, the City continued to employ multiple dispatchers who were Smith's age and older. This fact undermines Smith's claim of age animus.

III

After working for her employer for many years, the plaintiff is understandably distressed about her termination. Regardless of my sympathy for Smith's situation, I must find that she has failed to present a proper case for relief. Because Smith has failed to create a genuine issue of material fact as to whether age motivated her termination, rather than errors in her performance, a grant of

summary judgment is appropriate. Accordingly the defendant's Motion for Summary Judgment will be granted and final judgment entered in its favor.

DATED: August 15, 2011

/s/ James P. Jones
United States District Judge